David A. Laite (0047361)
Attorney for Plaintiff

**IN THE COURT OF COMMON PLEAS
CLERMONT COUNTY, OHIO**

| | |
|---|---|
| DAVID PISCOPO<br>3859 Golden Meadow Court<br>Amelia, OH 45102<br><br>    Plaintiff,<br><br>v.<br><br>LOWES HOME CENTERS, INC.<br>618 Mt. Moriah Drive<br>Cincinnati, OH 45245<br><br>Also Serve<br>STATUTORY AGENT:<br>CSC LAWYERS INCORPORATING SERVICE<br>50 West Broad Street, Suite 1800<br>Columbus, OH 43215<br><br>And<br><br>JOHN DOE<br>Name Unknown<br>Address Unknown,<br><br>    Defendants. | Case No.<br><br>(Judge           )<br><br>2019 CVC 01508 JUDGE BROCK<br><br>**COMPLAINT WITH<br>INTERROGATORIES ATTACHED** |

FILED 2019 DEC 13 AM 10:32
BARBARA A. WIEDERHEIN
CLERK OF COMMON PLEAS COURT
CLERMONT COUNTY, OH

## FIRST COUNT

1. At all times mentioned herein, the Plaintiff David Piscopo was and is an individual residing in the City of Amelia, Clermont County, Ohio.

2. At all times mentioned herein, the Defendant Lowes Home Centers, Inc. (hereinafter Lowes), is a corporation doing business in the State of Ohio and having a business outlet at 618 Mt. Moriah Drive, Cincinnati, Ohio.

3. At all times mentioned herein, the Defendant Lowes was charged with the duty of maintaining, repairing, keeping free from nuisance and hazard the retail facility known as Lowes Home Center situated in Amelia, Clermont County, Ohio.

4. On or about September 9, 2018, the Plaintiff was upon the premises of the Defendant Lowes with the knowledge, permission and invitation of said Defendants.

5. On or about September 9, 2018, the Plaintiff was in an area in which the lumber material was kept.

6. At all times mentioned herein, the lumber was negligently stacked and fell from the shelving striking the Plaintiff.

7. On or about September 9, 2018, the Defendant John Doe, whose real name and address is unknown and could not with reasonable diligence be ascertained by the Plaintiff prior to filing this action, was an agent, servant and/or employee of the Defendant Lowes. Defendant John Doe was at all such times, acting within the scope and course of her/his employment with the Defendant Lowes. Therefore, Defendant Lowes is vicariously liable to the Plaintiff under the doctrine of respondeat superior.

8. On or about September 9, 2018, on the premises located at 618 Mt. Moriah Drive, Cincinnati, OH 45245, while acting in the course and scope of his/her employment, Defendant John Doe did negligently perform his/her or job responsibilities by, among other things, placing the lumber in a negligent formation causing it to fall and strike the Plaintiff.

9. As a direct and proximate result of the Defendant John Doe's negligence, the Plaintiff sustained physical injuries which are, in part, permanent; furthermore, these injuries caused the Plaintiff great pain and suffering in the past and will continue to do so into the foreseeable future.

10. As a further direct and proximate result of the Defendant John Doe's negligence, the Plaintiff has incurred medical expenses in the approximate amount of $9,281.00 and expects to incur further such expenses into the foreseeable future. In addition, the Plaintiff has sustained lost wages in the approximate amount of $606.00 and expects to incur further such losses into the foreseeable future.

11. The injuries, losses and damages suffered by the Plaintiff as described herein were the direct and proximate result of the negligence of the Defendant John Doe and Defendant Lowes in failing to discharge the duty of care required of each of them.

12. The injuries, losses and damages sustained and suffered by the Plaintiff were the direct and proximate result of the active negligence of Defendants in:

    a) including a dangerous, hazardous and latent parallel upon the business premises; and/or

    b) subjecting Plaintiff to a hidden danger and risk of injury known to the Defendants but unknown and not reasonably discoverable to the Plaintiff; and/or

    c) failing to warn Plaintiff of a hazard known to the Defendants; and/or

    d) failing to exercise reasonable care for the safety of Plaintiff and other business invitees under the circumstances; and/or

    e) failing to maintain and keep the business premises in good repair and free from nuisance.

WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount in excess of $25,000.00 together with his costs, fees, expenses and any other relief to which he may be entitled.

Respectfully submitted,

**BROWN, LIPPERT & LAITE**

*/s/ David A. Laite*
David A. Laite (0047361)
640 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202
(513) 241-1950 (Telephone)
(513) 241-4095 (Telecopy)
blhe@fuse.net
Attorney for Plaintiff

**TO THE CLERK:**

Issue Service of Summons and Complaint in the within action returnable according to law.

*/s/ David A. Laite*
David A. Laite (0047361)
Attorney for Plaintiff

4

David A. Laite (0047361)
Attorney for Plaintiff

## IN THE COURT OF COMMON PLEAS
## CLERMONT COUNTY, OHIO

| | |
|---|---|
| DAVID PISCOPO<br>3859 Golden Meadow Court<br>Amelia, OH 45102<br><br>    Plaintiff,<br><br>v.<br><br>LOWES HOME CENTERS, INC.<br>618 Mt. Moriah Drive<br>Cincinnati, OH 45245<br><br>Also Serve<br>STATUTORY AGENT:<br>CSC LAWYERS INCORPORATING SERVICE<br>50 West Broad Street, Suite 1800<br>Columbus, OH 43215<br><br>And<br><br>JOHN DOE<br>Name Unknown<br>Address Unknown,<br><br>    Defendants. | Case No.<br><br>(Judge         )<br><br><br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT LOWES HOME CENTERS, INC.** |

    Plaintiff hereby propounds the following interrogatories to Defendant, to be answered separately and fully, in writing and under oath, and pursuant to Rule 33 of the Ohio Rules of Civil Procedure and request that Defendant produce and permit Plaintiff to inspect and copy the documents in their possession, control or custody which are requested herein pursuant to Rule 34 of the Ohio Rules of Civil Procedure.

    Defendant shall serve a copy of the answers to these Interrogatories and Requests and shall serve copies of the documents to be produced upon counsel for Plaintiff within thirty (30) days after service hereof at the offices of Brown, Lippert & Laite, 30 Garfield Place, Suite 640,

Cincinnati, OH 45202. These Interrogatories shall be deemed to be continuing in nature. Defendant shall file supplemental answers or responses promptly after they directly or indirectly obtain further information of the nature sought herein, as provided by Rule 33 Ohio Rules of Civil Procedure.

## INSTRUCTIONS

A.  With respect to all questions, all information is to be divulged within the knowledge, possession or control of the person to whom the Interrogatories are addressed or his/her attorneys, investigators, agents, employees, guardians or next friend or other representative.

B.  When an Interrogatory calls for an answer in more than one part, each part should be separated in the answer so that the answer is clearly understandable.

C.  All answers must be made separately and fully stated under oath.

D.  You are under continuing duty to reasonably supplement your answers with respect to any questions directly addressed to the identity and location of persons having knowledge of discoverable matters, the identity and location of persons expected to be called as witnesses at trial and the subject matter on which they are expected to testify and to correct any response which you later learn is not correct.

E.  Space for your answers has been provided beneath each interrogatory. Should there not be sufficient space to complete your answer, you may complete it in sequence on a separate appendix attached to the answers and identified appropriately.

## INTERROGATORIES AND REQUESTS

1.  Please state your name, address, and business title of the person answering these Interrogatories.

2

**ANSWER**

2. Please state whether you or any of your representative have any photographs of the accident scene which is the subject of this lawsuit. If so, please attach copies of any and all pictures which you have in your possession.

**ANSWER**

3. Please state by name, last known address and telephone number any and all persons who have knowledge of any discoverable information relating to this industrial accident.

**ANSWER**

4. Please describe in detail how the accident which is the subject of this lawsuit happened.

**ANSWER**

5. Please state by name and address any and all lay witnesses you plan to call in the arbitration or trial of this matter. Please briefly summarize their anticipated testimony.

**ANSWER**

6. Please state by name and address all expert witnesses you plan on calling at arbitration or trial of this matter. Please briefly summarize their anticipated testimony.

**ANSWER**

7. Please state whether you or any of your representatives have a recorded statement of the Plaintiff. If so, please attach copies of his/her statement.

**ANSWER**

8. Please state whether your or any of your representative have statements from any nonparty witnesses. If so, please attach copies of his/her statement.

**ANSWER**

9. Please identify any and all documents which you plan to submit into evidence at the arbitration or trial of this matter. Please attach a copy of the above-mentioned documents.

**ANSWER**

10. Please state whether any employees or agents of the Defendant had any conversations with the Plaintiff either at the scene of the accident or subsequent thereto. If so, please briefly summarize these conversations.

**ANSWER**

11. Please state whether or not the Defendants or any of their representatives/agents have any surveillance documents. This request includes any and all photographs, videotapes, log books detailing any surveillance or any payments to any private investigators. If so, please attach a copy of all photographs, log books and videotapes.

**ANSWER**

12. Please state whether there exists any audiotape and/or videotape concerning the accident in question. If so, please attach a copy of each.

**ANSWER**

                                     Respectfully submitted,

                                     **BROWN, LIPPERT & LAITE**

                                     */s/ David A. Laite*
                                     David A. Laite (0047361)
                                     30 Garfield Place, Suite 640
                                     Cincinnati, OH 45202
                                     T: (513) 241-1950
                                     F: (513) 241-4095
                                     blhelaw@fuse.net

## CERTIFICATE OF SERVICE

I hereby certify that the following document was served on this 10th day of December, 2019 by U.S. Mail, upon the following:

                                          */s/ David A. Laite*
                                          David A. Laite (0047361)
                                          Attorney for Plaintiff

